# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| ARCHIE DAVID MESSER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. 2:14-cv-121-JMS-WGH |
| ) | |
| SUPERINTEDENT, ) | |
| ) | |
| Respondent. ) | |

## Entry Denying Petition for Writ of Habeas Corpus

The petition of Archie David Messer for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 13-12-0118. For the reasons explained in this Entry, Mr. Messer's habeas petition must be **denied**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On December 9, 2013, Officer Dewitt wrote a Report of Conduct in case IYC 13-12-0118 charging Mr. Messer with rioting. The Report of Conduct states:

On 12-9-13 at approximately 4:50 PM I, Sergeant T. DeWitt, was called by the officer working the South Dining Entrance. When I arrived, the line of offenders from South Dorm had overrun the officer at the entrance. I immediately began ordering all offenders to walk back around the walk in an attempt to regain control of the chow line. Most offenders began to comply with the order. Offender Messer, Archie 181835 refused the order and began protesting loudly which caused a large number of offenders to ignore the order to walk around. I ordered offender Messer to turn around to be placed in restraints, he immediately complied. Once restrained offender Messer began yelling "Stand your ground! Stand your ground! They can't lock us all up!" I immediately began escorting offender Messer away from the situation and up to HSU. As soon as offender Messer was removed from the area, all offenders complied with all orders and order was restored to the chow line.

In addition to the Report of Conduct, Correctional Officer K. Gray, wrote the following statement:

On 12-9-13 at approximately 16:50 I, OFC K. Gray, was posted at the south side entrance to the offender dining hall. South had entered the line, approximately 150 offenders. The offenders were attempting to crowd past me, and would not return to the walk. After ordering them to reform the line, to no avail, I called walk staff. The offenders were ordered to go around the Rec Building at (sic) get back in line. Sgt. Dewitt began ordering South to "take a lap." Grumbling, most complied. As I was going down the line, OFFENDER MESSER 181835 stated "he was not moving". There were 3 or 4 offenders with OFN Messer. Sgt. Dewitt again ordered OFN Messer to "Go around or Go back to HOS." Messer stated that he would not. Sgt. Dewitt then told Messer to turn around and cuff up. OFN Messer complied. As Sgt. Dewitt was placing wrist restraints, Messer start[ed] yelling to the offenders that were order[ly] to "stand your ground."

Officer B. Owens also provided a written statement:

On December 9, 2013 at approximately 4:45 P.M. I received a call on the radio from Officer Grey to come to the south side dining entrance. When I arrived I could see that the offenders at the entrance had rushed Officer Grey. In an attempt to regain control of the line all of the offenders were sent around the recreation building. Once the offenders had started to leave the line and start to walk around offender Messer, Archie (181835) stated that he was not moving. He said "I'm not going anywhere; I've been waiting in line." He was told that everyone was walking around and not only a select few. Again, he refused stating "I'm not fucking going anywhere, fuck that!" At this point in time Sergeant DeWitt intervened and I moved

to the back of the line. I could see that Sergeant DeWitt and offender Messer were talking but I could not hear what was being said.

On December 11, 2013, Mr. Messer was notified of the charge of rioting and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Mr. Messer was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He requested three witnesses, Offenders Covington, Adams, and Baker, but did not request any physical evidence.

The hearing officer conducted a disciplinary hearing in IYC 13-12-0118 on December 14, 2013, and found Mr. Messer guilty of the charge of rioting. In making this determination, the hearing officer considered Mr. Messer's statement at the hearing and his hand written statement, staff reports, and evidence from witnesses. The hearing officer imposed the following sanctions: transfer to a more secure facility, a 45 day loss of phone privileges (suspended), 360 days in disciplinary segregation, a 190 day earned credit time deprivation, and a demotion from credit class I to credit class III. The sanctions were imposed because of the seriousness and nature of the offense, Mr. Messer's attitude and demeanor during the hearing, and the degree to which the violation disrupted and endangered the security of the facility.

Mr. Messer's appeals through the administrative process were denied. The Facility Head modified the offense to include 111 A Conspiracy/Attempting/Aiding or Abetting. Mr. Messer appealed again and the second appeal was also denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III. Analysis

Mr. Messer brings the following claims for habeas relief: 1) the sanctions were excessive in light of the fact that he had not been written up for over 18 months; 2) no riots or fighting occurred; and 3) the Appealing Officer should not have added another Class A offense.

Mr. Messer first argues that the hearing officer should have taken into account that he had been a "model" inmate with no write ups in the prior 18 months and that he had worked at Pen Products for 8 months with no problems. Mr. Messer was ultimately convicted of attempted rioting. The allowable sanctions for attempted rioting is one year of disciplinary segregation, two grade reductions in credit class, up to a twelve month loss in earned credit time, a 45 day loss of privileges, and a transfer to a more secure facility. The sanctions imposed, while certainly stiff, were within those outer parameters. This claim fails.

Mr. Messer next contends that no riot or fighting occurred, and that he should have been written up only for refusing to obey an order. He stated at the hearing that he said "stand your ground" only when other offenders started cutting in the chow line. He said he thought he was helping the officer and he just wanted to know why he was being punished when he was not causing a problem. Under the Department of Correct ("DOC") Adult Disciplinary Procedure ("ADP"), Offense 103 Rioting is defined as: "Encouraging, directing, commanding, coercing or signaling one or more other persons to participate in a disturbance to facility order caused by a group of two (2) or more offenders which creates a risk of injury to persons or property or participating in such a disturbance or remaining in a group where some members of the group are participating in such a disturbance." DOC ADP 02-04-101 Appendix I, pg. 1. Under the DOC ADP, Offense 111 Conspiracy/Attempting/Aiding or Abetting is defined as: "Attempting or conspiring or aiding and abetting with another to commit any Class A offense." DOC ADP 02-04-101 Appendix I, pg. 1. The conduct report and staff reports reflected that Mr. Messer refused to comply with an order, protested loudly, and encouraged other inmates to ignore orders when officers were attempting to regain control of a large group of offenders. Mr. Messer's conduct fell within the scope of the offense of attempted rioting.

To the extent this claim may be construed as a challenge to the sufficiency of the evidence, the "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report and additional statements were sufficient evidence to support the finding of guilt. There was no error in this regard.

Mr. Messer's final claim is that the appeal officer should not have added another Class A offense. Mr. Messer is mistaken in believing that the appeal officer added an additional charge. Rather, the appeal officer modified the offense to be "attempted" rioting rather than rioting. The factual basis of the attempted rioting was the same as for the original offense of rioting, and therefore, Mr. Messer was not denied the opportunity to defend the ultimate offense. *See Northern v. Hanks,* 326 F.3d 909 (7th Cir. 2003) (no due process violation when prison disciplinary reviewing authority modified charge to attempted trafficking where the factual basis was the same for both the original and modified charges). Here, Mr. Messer was given adequate notice of the lesser-included offense and there was no due process violation under these circumstances.

Mr. Messer was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Messer's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Messer's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/17/2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Archie David Messer
DOC # 181835
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically registered counsel